BLACK, Circuit Judge,
concurring in part and dissenting in part:
I again concur with the majority opinion that the district court erred both by applying a de novo standard of review and by granting summary judgment to Oliver against Broadspire. I also concur with the majority opinion on the remand of the damages award against Coca-Cola. Nevertheless, I write separately to explain why I again do not join the majority’s affirmance of the district court’s grant of summary judgment to Oliver against Coca-Cola. I agree with the majority that Coca-Cola was the plan administrator, and therefore the appropriate standard of review was arbitrary and capricious. Because I concur with the majority that the district court erred by applying a de novo standard of review, I would remand the case to the district court to apply the correct standard of review to Coca-Cola’s decision to deny benefits. Moreover, I believe summary judgment was inappropriate because I am persuaded there is a genuine issue of material fact in dispute, namely whether Oliver was totally disabled. I believe the majority opinion accords too little weight to peer review evaluations and ignores inconsistencies in the various diagnoses Oliver received. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825, 123 S.Ct. 1965, 1967, 155 L.Ed.2d 1034 (2003); Shaw v. Conn. Gen. Life Ins. Co., 353 F.3d 1276, 1286 (11th Cir.2003) (remanding for a bench trial because “sharply conflicting evidence” of peer review and treating physician’s evaluations constituted a “genuine issue of material fact as to whether Shaw was totally disabled”). And lastly, because I do not agree with the district court’s grant of summary judgment to Oliver against Coca-Cola, I also dissent from the majori *1355 ty opinion on the award of attorneys’ fees and expenses in favor of Oliver.